## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

KIM GAGNON, Individually and on Behalf of   )
All Other Persons Similarly Situated,     )
        )
        Plaintiff,     )
        ) Civil Action No. _____
        v.     )
        )
HANNAFORD BROS. CO., LLC,     )
        )
        Defendant.     )

## CLASS AND COLLECTIVE ACTION COMPLAINT
## (JURY TRIAL DEMANED)

## INTRODUCTION

Plaintiff Kim Gagnon, individually and on behalf of all others similarly situated, files this Class and Collective Action Complaint ("Complaint") against Defendant Hannaford Bros. Co., LLC ("Defendant" or "Hannaford") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* and the Maine Employment Practices Act, 26 Me. Rev. Stat. §§ 621-A, 626, 626-A, & 629, and the Maine Minimum Wage and Overtime Law, 26 Me. Rev. Stat. §§ 664 & 670, and their supporting regulations ("Maine Law"). The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## NATURE OF THE ACTION

1.    Plaintiff alleges under the FLSA, on behalf of herself and other current and former salary-paid "department managers" below the level of Store Manager and Assistant Store Manager (excluding the "Evening Operations Manager" position) in Defendant's stores

(collectively "Department Managers" or "DMs"), and current and former salary-paid "assistant department managers" below the level of Store Manager and Assistant Store Manager (excluding the "Evening Operations Manager" position) in Defendant's stores (collectively "Assistant Department Managers" or "ADMs"), at any of Defendant's stores within the United States who, during the period beginning three years preceding the filing date of this Complaint and continuing through entry of judgment (the "FLSA relevant period"), were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek (hereinafter the "Putative Collective" or "Putative Collective Action Members") and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages, interest, and reimbursement of attorney's fees and costs, pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

2.     Plaintiff Gagnon, pursuant to Fed. R. Civ. P. 23, brings this class action on behalf of herself and all other DMs and ADMs who were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek in the state of Maine during the applicable six year limitations period (the "Maine relevant period") under Maine law (the "Maine Class Members").  Plaintiff alleges that the Maine Class Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

3.     Plaintiff Gagnon, individually and on behalf of all other DMs and ADMs who terminated employment with Defendant, hereby makes demand for the prompt payment of all unpaid wages due and owing under Maine Law, and, pursuant to Fed. R. Civ. P. 23, brings this

class action on behalf of a subclass including herself and all other DMs and ADMs who suffered damages due to failure to pay required overtime wages upon termination under 26 Me. Rev. Stat. § 626 as a result of Defendant's violations of Maine Law in the state of Maine during the Maine relevant period under Maine law (the "Maine Termination Subclass Members").  Plaintiff alleges that the Maine Class Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     This Court has jurisdiction of the Plaintiff Gagnon's Maine Law claims pursuant to 28 U.S.C. § 1367.

6.     A substantial part of the events giving rise to the claims occurred in this District, Plaintiff worked for Defendant in this District, Defendant is a Maine limited liability corporation, Defendant operates store locations in this District, and Defendant is domiciled and maintains its corporate headquarters in this District.

7.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 & 2202.

## THE PARTIES

### I.     *The Plaintiff*

9.     Plaintiff Gagnon is an individual residing in Lincoln, Maine.

10.     During the FLSA relevant period and the Maine relevant period (hereinafter "the relevant periods"), Plaintiff Gagnon was employed by Hannaford as a Produce Manager and then a Bakery Manager (both DM positions), having worked in those positions from in or about 2004 to March 2017, and worked at the Hannaford locations in Lincoln, Maine and Bangor, Maine during the relevant periods.

11.     Plaintiff Gagnon has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

12.     Plaintiff Gagnon worked in excess of 40 hours per workweek in one or more workweeks, without receiving payment of overtime premiums for hours worked over 40 in those workweeks within the relevant periods.

13.     Plaintiff Gagnon worked in excess of 40 hours per workweek in one or more workweeks, without receiving overtime premiums to date for overtime hours worked as required by the FLSA and Maine Law within the relevant periods.

## II.     *The Defendant*

14.     Defendant Hannaford Bros. Co., LLC is a limited liability company that was formed and organized under the laws of Maine, with its corporate headquarters located at 145 Pleasant Hill Road, Scarborough, Maine 04074, and may be served with process on its registered agent, Corporation Service Company, 45 Memorial Circle, Augusta, Maine 04330.

15.     According to the website of its parent company, Ahold Delhaize (https://www.aholddelhaize.com/en/brands/united-states/hannaford/), Defendant operates 181 supermarkets, within the states of Maine, Massachusetts, New Hampshire, New York, and Vermont.

16.     At all times within the relevant periods, Defendant has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

17.     At all times within the relevant periods, Defendant had gross annual sales volume in excess of $500,000.00 per calendar year.

18.     At all times within the relevant periods, Defendant was a covered enterprise within the meaning of that term under the FLSA.

19.     At all times within the relevant periods, Defendant employed at least one employee and was therefore covered as an "employer" under Maine Laws.

20.     Defendant issued paychecks to Plaintiff and all similarly situated DMs/ADMs during their employment within the relevant periods.

21.     Defendant suffered, permitted or directed the work of Plaintiff and the Putative Collective Action Members, and Defendant benefited from work performed by Plaintiff and the Putative Collective Action Members, within the relevant periods.

22.     Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and the Putative Collective Action Members proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek within the relevant periods.

## FACTS COMMON TO ALL COUNTS

23.     Defendant employed Plaintiff and the Putative Collective Action Members and Maine Class Members within the relevant periods.

24.     Defendant maintained control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff, the Putative Collective Action Members, and the Maine Class Members, within the relevant periods.

25.     Plaintiff, the Putative Collective Action Members, and the Maine Class Members performed work as DMs or ADMs that was integrated into the normal course of Defendant's business, within the relevant periods.

26.     Consistent with Defendant's policy, pattern and practice, Plaintiff, the Putative Collective Action Members, and the Maine Class Members regularly worked in excess of 40 hours per workweek without being paid overtime premium wages, in violation of the FLSA and Maine Law, within the relevant periods.  As but one non-exhaustive example, Plaintiff Gagnon worked more than 40 hours during the week of July 4, 2016.

27.     Hannaford assigned all of the work performed by Plaintiff, the Putative Collective Action Members, and the Maine Class Members, and is aware of all the work that they have performed, within the relevant periods.

28.     This work required no capital investment.  Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

29.     During the FLSA relevant period and the Maine relevant period, Plaintiff, the Putative Collective Action Members, and the Maine Class Members performed the same primary job duties:  selling the grocery products and services that constitute Defendant's marketplace offerings, helping and serving customers, cleaning, checking to make sure that supplies were properly shelved, and checking inventory.

30.     Throughout the relevant periods, the primary job duties of Plaintiff and all similarly situated Putative Collective Action Members and Maine Class Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

31.     Throughout the relevant periods, the primary job duties of Plaintiff, the Putative Collective Action Members, and the Maine Class Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

32.     Pursuant to a centralized, company-wide policy, pattern and practice, Defendant classified all Putative Collective Action Members as exempt from the overtime provisions of the FLSA and Maine Law, within the relevant periods.

33.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of the Putative Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Maine Law during their employment in the relevant periods.

34.     Pursuant to a centralized, company-wide policy, pattern and practice, Defendant increased uniformly the salaries for Plaintiff and all Putative Collective Action Members effective on or about December 1, 2016 to at or above the minimum salary threshold for claiming exempt status that was announced by the U.S. Department of Labor's new overtime rules scheduled to become effective December 1, 2016.

35.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the Putative Collective Action Members when making the decision to increase uniformly the salaries of all of them effective on or about December 1, 2016 to meet or exceed the minimum salary level required to continue claiming that those positions are exempt from the overtime protections of the FLSA and Maine Law.

36.     Throughout the relevant periods, Defendant established labor budgets to cover labor costs for the store in which Plaintiff and the Putative Collective Action Members worked. The wages of Defendant's store-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store.  Defendant knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other Putative Collective Action Members (who were not paid overtime) working more than 40 hours in a workweek without receiving any overtime premium compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, store-level employees.

37.     Throughout the relevant periods, Defendant knew, by virtue of the fact that their Store Managers, Assistant Store Managers, and their managers (as its authorized agents) actually saw Plaintiff and other Putative Collective Action Members perform primarily manual labor and non-exempt duties, that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was limited (and, ultimately, insufficient).  Within the relevant periods, Defendant knew that Plaintiff and other Putative Collective Action Members were primarily performing the work of non-exempt employees and, based on their actual job duties, they did not fall within any FLSA or Maine Law exemptions.  Inasmuch as Defendant is a substantial corporate entity aware of its obligations under the FLSA and Maine Law, it acted willfully or recklessly in failing to classify and pay Plaintiff and the Putative Collective Action Members as non-exempt employees.

38.     Throughout the relevant periods, Defendant is aware or should have been aware, through the Store Managers, Assistant Managers, and their managers (as their authorized

agents), that Plaintiff and the Putative Collective Action Members were primarily performing non-exempt duties. As a supermarket chain operating at over 180 locations in the United States and over 70 locations in Maine, Defendant knew or recklessly disregarded the fact that the FLSA and Maine Law required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

39.     Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and Maine Law and was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA and Maine Law.

40.     As part of its regular business practice within the relevant periods, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and Maine Law with respect to Plaintiff, the Putative Collective Action Members and the Maine Class Members.  This policy, pattern, and practice includes, but it is not limited to, Defendant's knowledge of its obligations and the kind of work that Plaintiff, the Putative Collective Action Members, and the Maine Class Members were, and have been, performing. As a result, Defendant has:

   a.      willfully misclassified Plaintiff, the Putative Collective Action Members, and the Maine Class Members;

   b.      willfully failed to pay Plaintiff, the Putative Collective Action Members, and the Maine Class Members overtime wages for hours they worked in excess of 40 hours per week; and

   c.      willfully failed to provide enough money in their store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing

Plaintiff, the Putative Collective Action Members, and the Maine Class Members to perform such non-exempt tasks.

41.     Defendant's willful violations of the FLSA and Maine Law are further demonstrated by the fact that during the relevant periods, Defendant has failed to maintain accurate and sufficient time records for Plaintiff and the Putative Collective Action Members and the Maine Class.  Defendant acted recklessly or in willful disregard of the FLSA and Maine Law by instituting a policy and practice that did not allow Plaintiff to record all hours worked during the relevant periods.

42.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by the Putative Collective Action Members and Maine Class Members in excess of 40 hours per workweek was willful or reckless, and has been widespread, repeated, and consistent.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

43.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all Putative Collective Action Members at any time during the FLSA relevant period.

44.     Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages during the FLSA relevant period to Plaintiff and the Putative Collective Action Members for all hours worked over 40 in any given workweek.

45.     Upon information and belief, there are likely hundreds of Putative Collective Action Members who were not paid premium overtime wages during the FLSA relevant period in violation of the FLSA and who would benefit from the issuance of a court-supervised notice

of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

46.     The Putative Collective Action Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## MAINE CLASS ALLEGATIONS

47.     Plaintiff Gagnon, pursuant to Fed. R. Civ. P. 23, brings this class action on behalf of herself and all other DMs and ADMs who were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek in the state of Maine during the Maine relevant period under Maine law (the "Maine Class Members").  Plaintiff alleges that the Maine Class Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

48.     Plaintiff Gagnon, individually and on behalf of all other DMs and ADMs who terminated employment with Defendant during the Maine relevant period, hereby makes demand for the prompt payment of all unpaid wages due and owing under Maine Law, and, pursuant to Fed. R. Civ. P. 23, brings this class action on behalf of a subclass including herself and all other DMs and ADMs who suffered damages due to failure to pay required overtime wages upon termination under 26 Me. Rev. Stat. § 626 as a result of Defendant's violations of Maine Law in the state of Maine during the Maine relevant period under Maine law (the "Maine Termination Subclass Members").  Plaintiff alleges that the Maine Class Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of

11

attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

49.     Upon information and belief, the Maine Class contains more than 40 persons and is so numerous so that joinder of all individual members is impracticable.

50.     Upon information and belief, the Maine Termination Subclass contains more than 40 persons and is so numerous that joinder of all individual members is impracticable.

51.     Defendant's conduct with respect to Plaintiff Gagnon and the Maine Class (and Maine Termination Subclass) raises questions of law and fact that are common to the entire class, including whether Defendant employed Plaintiff Gagnon and all members of the Maine Class within the meaning of Maine Law; the nature and extent of the class-wide injury and the appropriate measure of damages for the Maine Class (and Maine Termination Subclass); whether Defendant had and has a policy of misclassifying the salary-paid DMs and ADMs as exempt from coverage of the overtime provisions of Maine Law; whether Defendant failed to pay Gagnon and all members of the Maine Class (and Maine Termination Subclass) the legally required amount of overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of Maine Law; and whether Defendant is liable for all damages claimed by Gagnon and all members of the Maine Class (and Maine Termination Subclass).

52.     Plaintiff Gagnon's claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

53.     Plaintiff Gagnon's interests in pursuing this lawsuit are aligned with the interests of the entire Maine Class (and Maine Termination Subclass).

54.     Plaintiff Gagnon will fairly and adequately protect the Maine Class Members' (and Maine Termination Subclass member's) interests because her experienced and well-

resourced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of all Maine Class members (and Maine Termination Subclass members).

55.    A class action provides the fairest and most efficient method for adjudicating the legal claims of all Maine Class Members (and Maine Termination Subclass members).

56.    Defendant violated Maine Law by failing to pay proper overtime wages to Plaintiff Gagnon and other Maine Class Members (and Maine Termination Subclass members) for workweeks in which they worked over 40 hours.

57.    There are questions of law and fact common to the members of the Maine Class (and Maine Termination Subclass) that predominate over any questions solely affecting the individual members of the Maine Class (and Maine Termination Subclass).

58.    The critical question of law and fact common to Plaintiff Gagnon and the Maine Class (and Maine Termination Subclass) that will materially advance the litigation is whether Defendant is required by Maine Law to pay Plaintiff Gagnon and the Maine Class (and Maine Termination Subclass) at a rate of 1.5 times their regular hourly rate for overtime hours worked.

59.    Other questions of law and fact common to the Maine Class (and Maine Termination Subclass) that will materially advance the litigation include, without limitation:

      a.    Whether Defendant can prove that its unlawful policies were implemented in good faith;

      b.    Whether Defendant is liable for all damages claimed by Gagnon and the Maine Class (and Maine Termination Subclass), including, without limitation, compensatory, punitive and statutory damages, interest, penalties, costs and disbursements, and attorneys' fees; and

c.      Whether Defendant should be enjoined from continuing to violate Maine

Law in the future.

60.     Plaintiff Gagnon's claims are typical of the claims of the members of the Maine

Class (and Maine Termination Subclass).  Plaintiff Gagnon has the same interests in this matter

as all other members of the Maine Class (and Maine Termination Subclass).

61.     Plaintiff Gagnon is an adequate class representative, is committed to pursuing this

action, and has retained competent counsel experienced in wage and hour law and class action

litigation.

62.     Class certification of Plaintiff Gagnon's claim under Maine Law is appropriate

pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds

generally applicable to the Maine Class (and Maine Termination Subclass), making appropriate

declaratory relief with respect to the Maine Class (and Maine Termination Subclass) as a whole.

63.     Class certification of Plaintiff Gagnon's claim under Maine Law is also

appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to

the Maine Class (and Maine Termination Subclass) predominate over questions affecting only

individual members of the Maine Class (and Maine Termination Subclass), and because a class

action is superior to other available methods for the fair and efficient adjudication of this

litigation.

64.     Plaintiff Gagnon knows of no difficulty that would be encountered in the

management of this litigation that would preclude its maintenance as a class action.

## COUNT I
### (FLSA:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Putative Collective Action Members)

65.     Plaintiff, on behalf of herself and all Putative Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

66.     Throughout the FLSA relevant period, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) & 207(a).

67.     Throughout the FLSA relevant period, Defendant employed Plaintiff, and employed or continue to employ each of the Putative Collective Action Members within the meaning of the FLSA.

68.     Throughout the FLSA relevant period, Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

69.     Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

70.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to Defendant.

71.     Throughout the FLSA relevant period, Defendant has had a policy and practice of refusing to pay premium overtime compensation to the Putative Collective Action Members for hours worked in excess of 40 hours per workweek.

72.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Putative Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek

throughout the FLSA relevant period, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) & 215(a).

73.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Putative Collective Action Members, throughout the FLSA relevant period, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) & 215(a).

74.     Throughout the FLSA relevant period, as a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, Defendant knew or recklessly disregarded the fact that Plaintiff and the Putative Collective Action Members were primarily performing manual labor and non-exempt tasks.

75.     Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Putative Collective Action Members; (c) actual knowledge, through its Store Managers, Assistant Managers, and their managers, that the primary duties of Plaintiff and the Putative Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-person analysis of Plaintiff's and the Putative Collective Action Members' job duties to ensure that their jobs  primarily required performing exempt job duties; and (e) policy and practice that did not allow Plaintiff and the Putative Collective Action Members to record all hours worked, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

76.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the Putative Collective Action Members, is entitled (a) to recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendant's willful or reckless violations of the FLSA; and (c) recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

77.     Defendant's violations of the FLSA have been willful or reckless, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## COUNT II
### (Maine Law: Unpaid Wages)
### (Brought on Behalf of Plaintiff Gagnon and All Maine Class Members)

78.     Plaintiff Gagnon, on behalf of herself and all Maine Class Action Members, re-alleges and incorporates by reference the paragraphs preceding Count I.

79.     At all times within the Maine relevant period, Plaintiff was an employee covered by the Maine Laws, and was entitled to receive pay at her regular rate for the first 40 hours worked in a work week and overtime at a rate of one and one-half times her regular rate of pay for all hours over 40 in a workweek.

80.     Defendant violated the provisions of Maine's Wage Payment Statute, 26 Me. Rev. Stat. § 621-A, by failing to timely pay in full, at regular intervals not to exceed 16 days, all wages earned by Plaintiff and members of the Maine Class (and Maine Termination Subclass) at the regular rate for each hour worked under 40 hours per week and at the overtime rate (one and one-half times the regular rate) for each hour worked over 40 hours per week, within the Maine relevant period.  As such, Defendant is liable to Plaintiff and members of the Maine Class (and Maine Termination Subclass) under 26 Me. Rev. Stat. § 626-A.

81.     Defendant willfully violated 26 Me. Rev. Stat. § 621-A.

82.     Defendant's untimely payment of wages and continued refusal to pay wages owed to Plaintiff and members of the Maine Class (and Maine Termination Subclass) throughout the Maine relevant period, constitute violations of 26 Me. Rev. Stat. § 621-A.

83.     Plaintiff and members of the Maine Class (and Maine Termination Subclass) have suffered economic loss as a result of Defendant's violation of the law during the Maine relevant period and seek redress for these injuries pursuant to 26 Me. Rev. Stat. § 626-A.

**COUNT III**
**(26 Me. Rev. Stat. §§ 664, 670: Overtime Wages)**
**(Brought on Behalf of Plaintiff Gagnon and All Maine Class Members)**

84.     Plaintiff Gagnon, on behalf of herself and all Maine Class Members (and Maine Termination Subclass Members), re-alleges and incorporates by reference the paragraphs preceding Count I.

85.     Defendant required Plaintiff and the members of the Maine Class (and Maine Termination Subclass) to work more than 40 hours in any one week without paying them one and one-half times their regular rate of pay throughout the FLSA relevant period, in violation of 26 Me. Rev. Stat. § 664.

86.     Defendant's failures to pay Plaintiff and the members of the Maine Class (and Maine Termination Subclass) one and one-half their regular rate of pay for all hours worked in excess of 40 in a workweek throughout the FLSA relevant period constituted a willful violation of 26 Me. Rev. Stat. § 664.

87.     Plaintiff and the members of the Maine Class (and Maine Termination Subclass) have suffered economic loss throughout the FLSA relevant period as a result of Defendant's

violations of 26 Me. Rev. Stat. § 664 and seek redress for these injuries pursuant to 26 Me. Rev. Stat. § 670.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Putative Collective Action Members, the Maine Class Members, and the Maine Termination Subclass members, is entitled to entry of Judgment declaring Defendant's liability under the claims alleged and an Order providing for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Putative Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all members of the Putative Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

b. Certification of the Maine Class (and Maine Termination Subclass) as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Gagnon and her counsel to represent the members of the Maine Class (and Maine Termination Subclass);

c. A declaratory judgment that the practices complained of are unlawful under the FLSA and Maine Law;

d. An award of unpaid wages for all hours worked and an award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and the Maine Law, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

e.      An award of liquidated and punitive damages as a result of Defendant's willful

or reckless failure to pay for all hours worked in excess of 40 hours in a

workweek, at a rate of one and one-half times the regular rate of pay pursuant to

29 U.S.C. § 216 and Maine Law;

f.      An award of prejudgment and post-judgment interest;

g.      An award of costs and expenses of this action, together with reasonable

attorneys' and expert fees, and an award of a service payment to the Plaintiff;

and

h.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, individually and on behalf of the Collective

Action Members, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 5, 2017

<div style="margin-left:40%">

/s/ Richard L. O'Meara
Richard L. O'Meara
MURRAY PLUMB & MURRAY
75 Pearl Street, P.O. Box 9785
Portland, Maine 04104
Telephone:   (207) 773-5651
Email: romeara@mpmlaw.com

Seth R. Lesser
Fran L. Rudich
Alexis H. Castillo
KLAFTER, OLSEN & LESSER, LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Tel:  (914) 934-9200
Fax: (914) 934-9220
Email: seth@klafterolsen.com
Email: fran@klafterolsen.com
Email: alexis.castillo@klafterolsen.com
C. Andrew Head

</div>

Donna L. Johnson
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel:  (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com

***Attorneys for Plaintiff, the Collective, and the Maine Class***