UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| KIM GAGNON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>HANNAFORD BROS. CO., LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:17-cv-00394<br>)<br>)<br>)<br>)<br>) |

**CONSENT ORDER UNDER
FEDERAL RULES OF EVIDENCE 502(d) AND (e)**

This matter comes to the Court on the consent of both Parties. Whereas the Scheduling Order entered by the Court on November 7, 2017 provided that "[i]nadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502," without reference to whether Rule 502(b) or 502(d) applies in the event of production of privileged material, the Parties seek the Court to enter this Order memorializing the Parties' agreement as to the applicability of Federal Rule of Evidence 502(d) and (e). This Order under Federal Rules of Evidence 502(d) and (e) reflects the Parties' agreement to protect certain inadvertently disclosed privileged and otherwise protected documents, data (including electronically stored information), and other information, against claims of waiver due to inadvertent disclosure, and extends that protection against waiver by inadvertent disclosure in this proceeding to any other federal or state proceeding, as well as to any non-Parties that may access or produce material in this action. The Parties agree that the higher level of protection authorized by Rule 502(d) and (e) against privilege waiver is warranted in this matter to minimize the likelihood of discovery disputes and motions practice in the event of inadvertent

production of privileged material, and protect against risk of waiver that might otherwise implicate proceedings outside this litigation.

Both Parties have agreed, and this Court now Orders that the inadvertent disclosure of a document subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection, is not a waiver of privilege or of protection from discovery in this case or in any other federal or state proceeding. For example, the mere disclosure of privileged or work-product-protected documents in this case as part of a mass production that the producing Party asserts in good faith to have been an inadvertent disclosure is not itself a waiver in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

A Party or Non-Party seeking protection for inadvertently disclosed documents subject to a claim of attorney-client privilege, work-product protection, or other applicable privilege or protection ("Identified Materials") under this Order is not required to show that reasonable steps were taken to avoid the disclosure of the documents or information. Upon notice asserting in good faith that Identified Materials have inadvertently been produced, the Identified Materials and all copies thereof shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. The Identified Materials shall be deleted or otherwise permanently removed by the Receiving Party from any systems used to house documents, including document review databases, e-rooms, and any other locations that store the document.

The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the Identified Materials are later designated by a court as not privileged or protected. The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of their contents before the

notice was made. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

This Order shall not apply to Identified Materials produced by the Producing Party if the Producing Party offers the Identified Materials as an exhibit at a deposition or in the trial of this case or relies on the Identified Materials in any filing in this case.

**WHEREFORE**, on the consent of both Parties and for good cause shown, the Parties' Consent Order is hereby **ENTERED**.


Dated:  March 7, 2018.                                      /s/  John H. Rich III
                                                             U.S. Magistrate Judge


**WE SO MOVE**                                              **WE SO CONSENT**
**and agree to abide by the**                               **and agree to abide by the**
**terms of this Order**                                     **terms of this Order**

/s/ Katharine I. Rand                                        /s/  C. Andrew Head
Katharine I. Rand                                            C. Andrew Head
*Counsel for Defendant*                                      *Counsel for Plaintiff (pro hac vice)*